R. Christopher Harshman (248214)
rch@packetlaw.com
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 651-3077
Facsimile: (310) 773-9027

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Ilia Zavialov,

    Plaintiff,

vs.

Gerald Theodore Alves,
Airport Properties Limited, LLC, and
DOES 1-10,

    Defendants.

Case no. CV12-06996 NRP(SHx)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, PURSUANT TO:

1. 42 U.S.C. § 2000a
   (Civil Rights – Equal Access to Public Accommodations);
2. Cal. Civ. Code § 51
   (Unruh Civil Rights Act);
3. Cal. Civ. Code § 51.5
   (Unlawful Boycott, etc.); and
4. Defamation

Jury Trial Requested

Plaintiff Ilia Zavialov ("Plaintiff" or "Zavialov") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a complaint for injunctive relief and damages based on the defendants' unlawful discrimination based on country of origin, and defamation.

1

COMPLAINT

## PARTIES

2. Plaintiff Ilia Zavialov is a naturalized United States citizen, who was born in what was then the Union of Soviet Socialist Republics ("USSR") (now part of the Russian Federation).

3. On information and belief, defendant Airport Properties Limited, LLC ("Airport Properties") is a California limited liability company, entity number 200114210070, which can be served through its registered agent for service of process, Gerald T. Alves, 299 Barrington Lane, Alamo California 94507.

4. On information and belief, defendant Gerald Theodore Alves ("Alves") is an individual residing at 299 Barrington Lane, Alamo, California 94507. On information and belief, Alves is the manager of defendant Airport Properties.

5. Plaintiff is unaware of the true names and capacities of the other defendants named as DOES herein (the "Other Doe Defendants"). Plaintiff is informed and believes and on that basis alleges that each of the Other Doe Defendants is legally liable and responsible directly or indirectly for the matters alleged herein. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of the Other Doe Defendants when, and if, they become known.

6. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the defendants, including the Other Doe Defendants, was the agent and/or employee of each of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of this agency or employment.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 (federal question).

8. This Court has supplemental jurisdiction over the claims in this Complaint that arise under the statutory and common law of the State of California pursuant to 28 U.S.C.

§ 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and/or derive from a common nucleus of operative facts.

9. This Court has personal jurisdiction over the defendants, in that each defendant has engaged in and/or contributed to the conduct at issue within the Central District of the State of California, specifically, in the city of Camarillo, in the County of Ventura.

10. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim and the harm to Plaintiff occurred in this District by reason of Defendants' conduct, as alleged below.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. Plaintiff is an owner of the Cirrus SR22 airplane with tail number N327BB (the "Aircraft").

12. The County of Ventura owns and operates the Camarillo Airport in Camarillo, California ("KCMA" or the "Airport").

13. On information and belief, the County of Ventura entered into a 'Ground Lease' with Airport Properties, which permits Airport Properties to sublease hangar space at KCMA.

14. In or around late June, 2012, Plaintiff, through his affiliated Dream World Partners, Inc. Nevada corporation ("DWP") and its employee, Olga Usova ("Usova") (collectively, "Plaintiff's Associates"), attempted to lease a hangar space at the Airport.

15. Usova and the defendants' agents verbally negotiated a lease, and at the defendants' request, Plaintiff's Associates sent a check constituting payment in full for the first month's lease payment; the defendants and/or their agents gave Usova the 'go-ahead' to start moving several of Plaintiff's high-end German luxury vehicles to KCMA, and promised that, provided the defendants were in receipt of the check, Plaintiff could 'pick up the keys' to the leased hangar within a couple of days.

16. Airport Properties prepared and provided to Plaintiff a Hangar Lease Agreement (the "Lease"), dated July 1, 2012, that would have leased to Plaintiff (through DWP) hangar space B-6 at the Airport (the "Hangar Space").

17. Plaintiff sent an executed copy of the Lease to the defendants' agent, Bob Weiss, via FedEx, tracking number 793758831470; Weiss signed for that shipment on July 6, 2012.

18. Instead of countersigning the Lease, however, defendant Alves scrawled a large X through each page of the lease, with an additional 'X' through the signature block, and returned that lease and the aforementioned check to Plaintiff's Associates.

19. Usova was also contacted via telephone by Robert Weiss, who informed her that the defendants would not be entering into the Lease.

20. Usova then contacted Robert Weiss for clarification, and was informed that Alves "doesn't like what you people do" (or using terms substantially similar in meaning and effect).

21. Subsequently, an employee of Airport Properties and/or Alves, Victor, explained this by stating Alves "doesn't like you guys [and] thinks you're Russian mafia or something" (or using terms substantially similar in meaning and effect), and that Alves suspected the Plaintiff of operating a 'chop shop' (or using terms substantially similar in meaning and effect).

22. Alves later directed Usova to look for hangar space at the Oxnard airport ("KOXR") instead.

23. When subsequently contacted by Ryan Farr, a third party commercial pilot who operates the Aircraft for Plaintiff, defendant Alves repeated these discriminatory statements, insisting he "won't rent a hangar to those people," that he has "nothing that [he is] willing to rent to those people," and repeated his 'not welcome here' discrimination, stating "maybe Camarillo isn't the airport for your people. I'm sure they'd be just fine in Oxnard."

24. On information and belief, defendant Alves contacted the other hangar operators at the Airport to discourage them from leasing to Plaintiff, falsely stating that Plaintiff's business was "shady" (or using terms substantially similar in meaning and effect), specifically identifying Plaintiff and his associates as "the Russians."

25. On information and belief, no fewer than four gas stations operate at the Airport, including the Cardinal Air Center, Sun Air Jets, Channel Islands Aviation, and Avantair Elite Services (collectively the "Gas Stations").

26. Paragraph 3(a) of the Lease specifically authorizes "[f]ueling of aircraft … by dealers so authorized by the Airport," that is, the Gas Stations.

27. On information and belief, the Gas Stations serve and/or offer to serve interstate travelers.

28. On information and belief, a substantial portion of the gasoline sold by the Gas Stations has moved in commerce.

## FIRST CAUSE OF ACTION

### *Violation of 42 U.S.C. § 2000a*

29. Plaintiff incorporates by reference and realleges each and every allegation set forth in the foregoing paragraphs 1 through 26 as though fully set forth herein.

30. The defendants discriminated against Plaintiff when refusing to enter into the Lease due to his national origin, thus depriving him of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of their place of public accommodation.

31. Likewise, the defendants attempted to unlawfully segregate Plaintiff when they attempted to divert Plaintiff's business away from the Airport but would be "just fine in Oxnard."

32. The Gas Stations at the Airport are physically located on premises of the Airport, within which premises the Hangar Space is also located, and, the lessor of the Hangar Space holds itself out as serving patrons of those Gas Stations, as set forth above.

33. Plaintiff is informed and believes and thereon alleges that the defendants' actions are knowing, deliberate, willful and in utter disregard of Plaintiff's rights.

34. As a direct and proximate result of defendants' conduct set forth above, Plaintiff has been injured and damaged in an amount to be proven.

## SECOND CAUSE OF ACTION

### *VIOLATION OF CAL. CIV. CODE § 51*

35. Plaintiff incorporates by reference and realleges each and every allegation set forth in the foregoing paragraphs 1 through 26 as though fully set forth herein.

36. Defendant Alves denied, aided, or incited a denial, and/or unlawfully discriminated against Plaintiff by refusing to provide Plaintiff with full and equal accommodations, advantages, facilities, privileges, and/or services because of Plaintiff's national origin. Defendant Alves was personally responsible for this discriminatory conduct.

37. Defendant Airport Properties is a business establishment, leasing (*inter alia*) the Hangar Space.

38. Defendant Airport Properties denied, aided, or incited a denial, and/or unlawfully discriminated against Plaintiff by refusing to enter into the Lease with Plaintiff, thereby denying Plaintiff full and equal accommodations, advantages, facilities, privileges, and/or services because of Plaintiff's national origin.

39. A motivating reason for the defendants' conduct was Plaintiff's national origin, and/or that of his partners, agents, employees, and/or business associates.

40. Plaintiff is informed and believes and thereon alleges that the defendants' actions are knowing, deliberate, willful and in utter disregard of Plaintiff's rights.

41. As a direct and proximate result of defendants' conduct set forth above, Plaintiff has been injured and damaged in an amount to be proven and trebled, but in no event less than $4,000 per instance of discrimination.

### THIRD CAUSE OF ACTION

#### *VIOLATION OF CAL. CIV. CODE § 51.5*

42. Plaintiff incorporates by reference and realleges each and every allegation set forth in the foregoing paragraphs 1 through 26 as though fully set forth herein.

43. The defendants discriminated against, boycotted, and/or blacklisted Plaintiff when they refused to contract with his affiliated DWP.

44. A motivating reason for the defendants' conduct was Plaintiff's national origin, and/or that of his partners, agents, employees, and/or business associates.

45. Plaintiff is informed and believes and thereon alleges that the defendants' actions are knowing, deliberate, willful and in utter disregard of Plaintiff's rights.

46. As a direct and proximate result of defendants' conduct set forth above, Plaintiff has been injured and damaged in an amount to be proven.

### FOURTH CAUSE OF ACTION

#### *DEFAMATION*

47. Plaintiff incorporates by reference and realleges each and every allegation set forth in the foregoing paragraphs 1 through 26 as though fully set forth herein.

48. On information and belief, Defendant Alves made false statements, including without limitation statements as to 'Russian mafia' connections with Plaintiff's affiliated DWP company and/or that Plaintiff's business was 'shady,' to persons other than Plaintiff – specifically, to other hangar space lessors at the Airport.

49. These persons reasonably understood that the statements were about Plaintiff.

50. These persons reasonably understood those statements to mean that Plaintiff was engaged in criminal activity and/or unethical business practices.

51. Alves failed to use reasonable care to determine the truth or falsity of those statements.

52. As a direct and proximate result of Alves' conduct set forth above, Plaintiff has been injured and damaged in an amount to be proven, involving at least: expenses

incurred by Plaintiff as the result of not being able to lease the Hangar Space as expected; harm to Plaintiff's reputation; and Plaintiff's shame, mortification, or hurt feelings.

53. On information and belief, in making those statements the defendants acted with malice, oppression, or fraud, entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays as follows:

1. That the Court enter judgment in favor of Plaintiff and against defendants on all counts;

2. That the Court issue a preliminary and permanent injunction order enjoining and restraining defendants and their agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

    a. Discriminating against Plaintiff based on his national origin or any other impermissible basis;

    b. Segregating Plaintiff based on his national origin or any other impermissible basis; and

    c. Defaming Plaintiff;

3. That judgment be entered in favor of Plaintiff and against the defendants for all damages suffered by Plaintiff as a result of defendants' violation of 42 U.S.C. § 2000a;

4. That judgment be entered in favor of Plaintiff and against the defendants for three times the amount of damage suffered by Plaintiff, but in no case less than four thousand dollars ($4,000), for each violation of Cal. Civ. Code §§ 51 and/or 51.5, pursuant to Cal. Civ. Code § 52(a);

5. For reasonable attorney's fees, pursuant to Cal. Civ. Code § 52(a);

6. That judgment be entered in favor of Plaintiff and against the defendants for all damages suffered by Plaintiff as a result of defendants' defamatory statements;

7. That judgment be entered in favor of Plaintiff and against the defendants for all damages suffered by Plaintiff as a result of defendants' tortious interference with Plaintiff's economic relationship(s);

8. For prejudgment and post-judgment interest on the above damages awards;

9. For costs of suit; and

10. For such other and further relief as the Court may deem just and proper.

### JURY TRIAL REQUESTED

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: August 10, 2012        By: _____
                                  R. Christopher Harshman
                                  Attorney for Plaintiff Ilia Zavialov

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana R. Pfaelzer and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

**CV12- 6996 MRP (SHx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)  NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

R. Christopher Harshman
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, CA 90212
(310) 651-3077

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ilia Zavialov<br><br>PLAINTIFF(S)<br>v.<br>Gerald Theodore Alves; Airport Properties Limited, LLC; and DOES 1-10<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-06996 PPP(SHx)<br><br>SUMMONS |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _R. Christopher Harshman_, whose address is _9701 Wilshire Boulevard, Suite 1000, Beverly Hills, CA 90212_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __AUG 14 2012__

Clerk, U.S. District Court

By: __JULIE PRADO__
   Deputy Clerk

   (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (10/11)                              SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Ilia Zavialov

**DEFENDANTS**

Gerald Theodore Alves; Airport Properties Limited, LLC; and DOES 1-10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
R. Christopher Harshman
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, CA 90212
(310) 651-3077

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ TBD, statutory minimum $4000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. § 2000a, civil rights (national origin)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 442 Employment | | ☐ 840 Trademark |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**  Case Number: _____   CV12-06996

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Contra Costa |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date Aug. 10, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)     CIVIL COVER SHEET     Page 2 of 2