JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6996 PA (SHx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | Ilia Zavialov v. Gerald Theodore Alves, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS

Before the Court is a Motion to Dismiss the Complaint, filed by defendants Gerald Theodore Alves and Airport Properties Limited, LLC ("Defendants"). [Docket No. 6.] Plaintiff Ilia Zavialov ("Plaintiff") has filed an Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter is appropriate for decision without oral argument.

**I.     Factual & Procedural Background**

Plaintiff Ilia Zavialov is a naturalized citizen who was born in what is now the Russian Federation. Plaintiff is the owner of a Cirrus SR22 airplane as well as several "high-end German luxury vehicles." (Compl. ¶ 15.)

Defendants, pursuant to a "ground lease" with the County of Ventura, lease private hangar space at Camarillo Airport. (Id. ¶ 13.) In June 2012, Plaintiff alleges that he – through Dream Word Partners, Inc. ("Dream World"), a Nevada corporation with which Plaintiff is "affiliated" – attempted to lease hangar space from Defendants. (Id. ¶ 14.) Plaintiff alleges that Defendants "prepared and provided to Plaintiff a Hangar Lease Agreement" that Plaintiff executed in July 2012. (Id. ¶ 16.) Rather than countersigning the lease, however, Defendants "informed [Dream World's representative, Olga Usova] that the defendants would not be entering into the Lease." (Id. ¶ 19.) Plaintiff alleges that his Dream World affiliates were told that this decision was based on Defendants' belief that the Plaintiff is a member of the "Russian mafia" and was suspected of desiring to operate a "chop shop." (Id. ¶ 21.) Defendants allegedly made other statements concerning Plaintiff's national original to other hangar operators at Camarillo Airport, urging them not to lease space to Dream World.

Plaintiff filed suit in this Court on August 14, 2012, alleging the following causes of action: (1) violation of 42 U.S.C. § 2000a (Title II of the Civil Rights Act of 1964); (2) violation of the Unruh Civil Rights Act, Cal. Civil Code § 51; (3) violation of Cal. Civil Code § 51.5; and (4) defamation.

Defendants now move to dismiss the Complaint. Having considered the parties' submissions, and for the reasons that follow, the Court grants Defendants' Motion.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6996 PA (SHx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | Ilia Zavialov v. Gerald Theodore Alves, et al. | | |

**II.  Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In order to survive a Rule 12(b)(6) motion, typically a complaint need only give "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff."  In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (quoting In re Wells Fargo Sec. Litig., 12 F.3d 922, 925 (9th Cir. 1993)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. (citations omitted).

**III.  Analysis**

Defendants move to dismiss Plaintiff's claim under Title II of the Civil Rights Act of 1964.  The Civil Rights Act of 1964 entitles all persons "to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section."  42 U.S.C. § 2000a.  Listed establishments are places of public accommodation, provided their operations affect commerce, including:

> [L]odgings; facilities principally engaged in selling food for consumption on the premises; gasoline stations; places of exhibition or entertainment; other covered establishments.  Each of the following establishments which serves the public is a place of public accommodation within the meaning of this title if its operations affect commerce, or if discrimination or segregation by it is supported by State action:
>
> > (1)     any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
>
> > (2)     any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6996 PA (SHx) | | Date | December 11, 2012 |
|---|---|---|---|---|
| Title | Ilia Zavialov v. Gerald Theodore Alves, et al. | | | |

        (3)    any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and

        (4)    any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b).

     Defendants move to dismiss Plaintiff's Title II claim on the grounds that an airport hangar, used to house the private jets and personal vehicles of individuals and private entities, is not a "place of public accomodation" within the meaning of 42 U.S.C. § 2000a(b). (See Motion at 6.)

     Certainly, as Defendants point out, hangar space at an airport is not one of the listed establishments covered by that statute. Nor is hangar space – leased to a particular individual or private entity for exclusive use – analogous to any of the establishments listed in the statute.

     Plaintiff argues, however, that 42 U.S.C. § 2000a(b)(4) places the hangar space within the ambit of the statute. Plaintiff argues first that because "no fewer than four gas stations operate at the Airport" (Compl. ¶ 25), the hangar space is an establishment "within the premises of any establishment otherwise covered by this subsection [i.e. a gasoline station]." 42 U.S.C. § 2000a(3)(A)(i); (Motion at 3-4.) Plaintiff then claims that because the proposed lease "specifically authorizes 'fueling of aircraft . . . by dealers so authorized by the Airport'" (Compl. ¶ 26), the hangar is an establishment that "holds itself out as serving patrons of such covered establishment [i.e. the gasoline stations]." 42 U.S.C. § 2000a(4)(B); (Motion at 3-4.)

     The Court disagrees. First, although the hangar space is located at the same airport as the gasoline stations, there is no allegation or indication in the briefing that the gas stations *encompass* the hangar space, or vice versa. Rather, the gasoline stations are simply businesses within a close proximity to the hangar space. Mere proximity to a place of public accommodation, however, does not subject lessors of nearby properties to the strictures of Title II. See United States v. Baird, 85 F.3d 450, 454 (9th Cir. 1996) (noting that § 2000a(4)(A)(2) "shows a congressional intent to integrate [into the statutory scheme] entire premises which would not be public accommodations, but for covered establishments *on their premises*") (emphasis added).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-6996 PA (SHx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | Ilia Zavialov v. Gerald Theodore Alves, et al. | | |

      Second, the mere fact that a private lessee of the hangar space is authorized to use the gasoline stations at the airport does not mean that the hangar space "holds itself out as serving patrons of such covered establishment" – i.e., those gasoline stations. Patrons of the gasoline stations are not entitled to use the hangar space; rather, it is the gasoline stations that hold themselves out as available for the fueling of vehicles housed in the hangar space. Thus, the hangar space does not fall within the ambit of § 2000a(4).

      It is clear from the facts alleged, Plaintiff's Opposition, and the language of Title II itself that the hangar space – leased by a private entity to private individuals or other private entities for the lessee's exclusive use – is not a "place of public accommodation." See Clegg v. Cult Awareness Network, 18 F.3d 752, 755 (9th Cir. 1994) ("Title II explicitly covers places, establishments, lodgings and facilities open to the *public at large*. . . . Nowhere does the statute refer to membership organizations, or *otherwise indicate congressional intent to regulate anything other than public facilities*.") (emphasis added). Accordingly, the Court dismisses Plaintiff's claim under Title II of the Civil Rights Act of 1964 with prejudice.

### Conclusion

      In light of the foregoing, the Court grants Defendants' Motion to Dismiss. Plaintiff's claim under Title II of the Civil Rights Act of 1964 is hereby dismissed with prejudice.

      Here, the Court has dismissed all of the federal claims over which it has original jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). Pursuant to 28 U.S.C. § 1367(d), this Order acts to toll Plaintiff's statute of limitations on his state law claims for a period of thirty (30) days, unless state law provides for a longer tolling period. The Court therefore dismisses Plaintiff's remaining claims without prejudice.

      IT IS SO ORDERED.